| | |
|---|---|
| SAMUEL B. SPITALNY, JACOB L. SPITALNY, STEPHEN QUILLINAN and S&Q DATA LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NICHOLAS FIORILLO and GOTSPACE DATA EQUITY FUND, LLC, | ) ) ) |
| Defendants, | ) ) |
| AND | ) ) |
| NICHOLAS FIORILLO, GOTSPACE DATA EQUITY FUND, LLC, GOTSPACE EQUITY FUND I, LLC, GOTSPACE EQUITY FUND 1, LLC, GOTSPACE SELF STORAGE, HOLDINGS, LLC, GOTSPACE MANAGEMENT, LLC, GS BEVERLY, LLC, GS GLOUCESTER, LLC, GOTSPACE BEVERLY, LLC, GOTSPACE GLOUCESTER, LLC, and OCEAN INVESTMENT HOLDINGS, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No: 1:22-cv-11413 |
| Reach and Apply Defendants. | ) ) |

## MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR REMAND AND FOR SANCTIONS AGAINST VEXATIOUS LITIGANT

Defendant Nicholas Fiorillo ("Fiorillo") removed Superior Court Action 2184CV02894

(the "Superior Court Action") for the first time on December 28, 2021. *See* 1:21-cv-12140-

MLW, Docket No. This Court (Wolf, J.), remanded the case on January 13, 2022, determining

that "this case was improperly removed because defendants have no[t] shown that federal

1

\

jurisdiction exists." Docket No. 18 to 1:21-cv-12140-MLW. Now, after being defaulted by the Massachusetts Superior Court as a sanction for his non-compliance with its orders, and on the eve of the entry of judgment against him by that court, Fiorillo has removed the Superior Court Action *a second time*, notwithstanding the strict thirty-day deadline set by 28 U.S.C. § 1446(b) or lack of assent from his co-defendants. As part of this second removal, Fiorillo committed fraud on the Court by filing a civil cover sheet that falsely represented that no related action had ever been filed.

Fiorillo has engaged in this misconduct purely as part of an effort to thwart the entry of final judgment against him: until the case is remanded, the Massachusetts Superior Court presumably will not enter judgment (which it had indicated that it planned to do shortly). The Court should accordingly remand the action for a second time as soon as possible and sanction Fiorillo by: (1) ordering him the pay the reasonable attorneys' fees and costs associated with bringing the instant motion; (2) ordering Fiorillo not to file any notices of removal in the future without leave of court; and (3) instructing the clerk's office not to accept any such notices without leave having been granted.

## **FACTS**

The basic facts of the Superior Court Action are set forth in the court's memorandum and order on the original motion to remand, Docket No. 18 to 1:21-cv-12140-MLW.[1] The plaintiffs filed the Superior Court Action on December 21, 2021. In addition to various items of declaratory and injunctive relief, the plaintiffs seek the enforcement of a promissory note. All of their claims arise under Massachusetts law.

---

[1] A copy of the docket sheet for1:21-cv-12140-MLW is attached as *Exhibit A*.

\

Fiorillo removed the case to this Court on December 28, 2021 on the basis of both diversity and federal question jurisdiction. The Court (Wolf, J.) subsequently allowed the plaintiffs' motion for a remand, concluding that the Superior Court Action neither implicated federal claims nor involved complete diversity of citizenship.

Proceedings then continued in Massachusetts Superior Court. After Fiorillo failed to comply with the Massachusetts court's discovery orders, it defaulted him on August 10, 2022. *See* Endorsement to Superior Action Paper No. 118. Fiorillo responded by removing the action a second time on September 1, 2022, although he did not file a civil cover sheet until September 15, 2022. Docket No. 2 to Case No. 1:22-cv-11413.[2] That civil cover sheet asks for the "[t]itle and number, if any, of related cases." Fiorillo did not list any.[3] The civil cover sheet also asks: "Has a prior action between the same parties and based on the same claim ever been filed in this court?" Fiorillo answered "No." *Id*. Fiorillo filed a notice of removal stating he had removed this action to federal court, but without including the caption of the new federal court action, on September 15, 2022. The notice is purely in Fiorillo's own name; there is no indication that the other defendants have joined in the removal.

## **ARGUMENT**

### I.    **This Action Must Be Remanded to Massachusetts Superior Court**

#### A.    **Fiorillo's Second Removal of the Superior Court Action Does Not Comply with Procedural Requirements**

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(b).

---

[2] A copy of the docket sheet to this action (1:22-cv-11413) is attached as *Exhibit B*.
[3] A copy of the civil cover sheet filed in this action is attached as *Exhibit C*.

\

Furthermore, "[i]n cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition. *Garside v. Osco Drug, Inc.*, 702 F. Supp. 19, 21 (D. Mass. 1988). Failure to comply with the procedural aspects of the statute "constitutes a defect in the removal procedures and is grounds for remand." *Murphy v. Newell Operating Co.*, 245 F. Supp. 2d 316, 318 (D. Mass. 2003).

Fiorillo's second notice of removal plainly does not meet the 30-day statutory deadline, having been filed the better part of a year after Fiorillo was originally served with the complaint on December 23, 2021. *See* Superior Court Action Paper No. 29. Moreover, the notice of removal was not signed or otherwise joined in by the other defendants in this action (who are represented by Attorney Neil Kreuzer). The case must accordingly be remanded to the Massachusetts Superior Court.

**B.     Fiorillo's Second Notice of Removal Fails to Demonstrate that Removal Is Proper Under Federal Civil Rights Laws**

In any event, Fiorillo's second notice of removal does not state a colorable claim for the exercise of federal subject matter jurisdiction. Through his first notice of removal, Fiorillo attempted to argue that the plaintiffs' complaint implicated federal claims and that there was complete diversity of the parties. The Court rejected those arguments, *see* Docket No. 18 to 1:21-cv-12140-MLW, so Fiorillo now seeks a second bite at the apple by claiming that removal is proper under the civil rights provisions of 28 U.S.C. § 1443. *See* Docket No. 1. However, he fails to explain how any civil rights statute is implicated by the Massachusetts Superior Court's decision to default him for failing to respond to discovery. Nor can he. To be sure, removal may be proper where a defendant shows that "he is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States," but "[t]he Supreme Court has construed this statutory language as being limited to 'any law

\

providing for specific civil rights stated in terms of racial equality.' *Peltier v. Peltier*, 548 F.2d 1083, 1084 (1st Cir. 1977), *citing Georgia v. Rachel*, 384 U.S. 780, 792, 86 S. Ct. 1783 (1966). There is no hint in Fiorillo's second notice of removal that he is unable to exercise his civil rights in Massachusetts because of his race.

Similarly, removal may be proper where a defendant is being sued or prosecuted for an "act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). There is no allegation in Fiorillo's Notice of Removal that would support removal on this ground; notably, there is no evidence that Fiorillo has attempted to enforce a civil rights statute or refused to deprive someone else of civil rights. As this Court lacks jurisdiction, the action would need to be remanded regardless of the procedural deficiencies described in Section A above. 28 U.S.C.S. § 1447(c).

## II.     Fiorillo Should Be Sanctioned as a Vexatious Litigant

### A.     Payment of Just Costs Under 28 U.S.C. § 1447(c)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). If any case calls for the imposition of these sanctions, this is it. The Superior Court Action has already been removed once. The 30 day deadline for removal plainly expired months ago. Fiorillo committed fraud on the court by falsely claiming that no case between the same parties and based on the same claim ever been filed in this court. And the removal was purely for the purposes of delaying the Massachusetts Superior Court's entry of judgment following the August 10, 2022, imposition of the sanction of default. The Court should sanction Fiorillo by ordering him to pay

the reasonable costs and expenses associated with the instant notice of removal, which the plaintiffs will substantiate by affidavit should the request be allowed.

**B.      Fiorillo Should Be Enjoined from Removing Cases In the Future Without Leave of Court**

Fiorillo has made plain his willingness to file frivolous notices of removal in order to delay state court proceedings. He has not only removed this case (twice) but has also recently removed another state court action in which he was defaulted for disobeying court orders and referred to the Suffolk District Attorney's office for potential criminal prosecution for fraud. *See 254 Westfield LLC vs. Nicholas Fiorillo* (1:2022cv11394). A motion to remand that case to state court is pending before Judge Casper.

The Court "may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious." *Azubuko v. MBNA Am. Bank*, 396 F. Supp. 2d 1, 7 (D. Mass. 2005). Such sanctions include "the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation." *Hunt v. Chen*, Civil Action No. 13-10197-RWZ, 2013 U.S. Dist. LEXIS 24888, at *4 (D. Mass. Feb. 20, 2013). An injunction is appropriate here in order to prevent Fiorillo from filing further frivolous notices of removal in order to interfere with the Superior Court Action (or any one of the other cases pending against him in state court). Fiorillo should accordingly be ordered not to file any further notices of removal without leave of court (and the clerk's office should be instructed not to accept such notices without such leave having been granted). *See United States Bank Nat'l Ass'n v. Orr*, 2019 U.S. Dist. LEXIS  at *7 86326 (N.D. Cal. February 7, 2019) (recommending that vexatious litigant be sanctioned by being ordered to seek leave prior to filing a notice of removal and instructing the clerk not to accept further notices of removal without the granting of leave). This sanction will prevent further frivolous interference with the

Massachusetts Superior Court's exercise of its jurisdiction while permitting Fiorillo to file a meritorious notice of removal if the occasion for such ever arises.

## <u>CONCLUSION</u>

For the reasons stated above, the motion should be allowed.

Respectfully submitted,
Samuel B. Spitalny, Jacob L. Spitalny,
Stephen Quillinan, and S&Q Data, LLC

By their attorneys,

/s/ Michael Brier
Kevin T. Peters, BBO#550522
kevin.peters@gesmer.com
Michael D. Brier BBO# 678647
Michael.brier@gesmer.com
GESMER UPDEGROVE LLP
40 Broad Street
Boston, MA 02109
Telephone: (617) 350-6800
Facsimile: (617) 350-6878

Dated: September 20, 2022

\

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of the above document was served upon all counsel of record by Electronic Court Filing on September 20, 2022. I also arranged for Mr. Fiorillo to be served separately by electronic mail.

/s/ Michael Brier_____

\

# EXHIBIT A

Spitalny et al v. Gotspace Data Equity Fund LLC et al
Assigned to: Judge Mark L. Wolf
Case in other court: Suffolk County Superior Court,
    2184CV02894
Cause: 28:1442 Notice of Removal

Date Filed: 12/28/2021
Date Terminated: 01/13/2022
Jury Demand: None
Nature of Suit: 150 Contract:
Recovery/Enforcement
Jurisdiction: Federal Question

**Plaintiff**

**Samuel B. Spitalny**

represented by **Matthew E. Burke**
The McLaughlin Brothers, LLP
One Beacon St.
17th Floor
Boston, MA 02108
617-523-7165
Email:
mburke@mclaughlinbrothers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel E. Faller**
The McLaughlin Brothers, LLP
One Beacon St.
17th Floor
Boston, MA 02108
617-523-7165
Fax: 617-227-5240
Email:
joel.faller@mclaughlinbrothers.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jacob L. Spitalny**

represented by **Matthew E. Burke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel E. Faller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stephen Quillinan**                     represented by   **Matthew E. Burke**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Joel E. Faller**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**S&Q Data LLC**                          represented by   **Matthew E. Burke**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Joel E. Faller**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**NICHOLAS J FIORILLO**                   represented by   **Neil Kreuzer**
                                                           Law Office of Neil Kreuzer
                                                           268 Newbury Street
                                                           4th Floor
                                                           Boston, MA 02116
                                                           617-739-9700
                                                           Fax: 617-739-8484
                                                           Email: nkreuzer@aol.com
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Gotspace Data Equity Fund LLC**         represented by   **Neil Kreuzer**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Reach and Apply Defendant**

**Gotspace Data Equity Fund I LLC**

**Reach and Apply Defendant**

**Gotspace Data Equity Fund 1 LLC**

**Reach and Apply Defendant**

**Gotspace Self Storage Holdings LLC**

**Reach and Apply Defendant**

**Gotspace Management LLC**

**Reach and Apply Defendant**

**GS Beverly LLC**

**Reach and Apply Defendant**

**GS Gloucester LLC**

**Reach and Apply Defendant**

**Gotspace Beverly LLC**

**Reach and Apply Defendant**

**Gotspace Gloucester LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/28/2021 | 1 | Notice of Removal by NICHOLAS J FIORILLO Filing fee: $ 402, receipt number AMADC-9115556 (Fee Status: Filing Fee paid) . (Attachments: # 1 Summonses and order of notice, state case, # 2 Other paperwork, removal of state case)(Kreuzer, Neil) Modified docket text on 12/29/2021 (Burgos, Sandra). (Attachment 2 replaced on 1/11/2022 with complete documents provided by plaintiff's counsel) (Currie, Haley). (Entered: 12/28/2021) |
| 12/29/2021 | 2 | ELECTRONIC NOTICE TO COUNSEL: Counsel shall complete and file in PDF format a Civil Cover Sheet and a Local Category Form. The forms can be found on the court's website under Resources/Forms. Counsel will use the event under Other Documents - Civil Cover Sheet & Category Sheet. (Burgos, Sandra) (Entered: 12/29/2021) |
| 01/04/2022 | 3 | Emergency MOTION to Remand to State Court by Stephen Quillinan, S&Q Data LLC, Jacob L. Spitalny, Samuel B. Spitalny.(Faller, Joel) (Entered: 01/04/2022) |
| 01/04/2022 | 4 | ELECTRONIC NOTICE of Case Assignment. Judge Mark L. Wolf assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jennifer C. Boal. (Danieli, Chris) (Entered: 01/04/2022) |
| 01/04/2022 | 5 | Certified Copy of Notice of Removal Provided to Defense Counsel by Email (Currie, Haley) (Entered: 01/04/2022) |

| | | |
|---|---|---|
| 01/04/2022 | 6 | Judge Mark L. Wolf: ORDER entered re 3 Emergency Motion to Remand to State Court filed by Jacob L. Spitalny, Samuel B. Spitalny, Stephen Quillinan, S&Q Data LLC. It is hereby ORDERED that defendants shall, by 1/6/22, respond to plaintiffs' motion to remand. (Loret, Magdalena) (Entered: 01/04/2022) |
| 01/05/2022 | 7 | CIVIL COVER SHEET and CATEGORY FORM re 1 NOTICE OF REMOVAL by NICHOLAS J FIORILLO. (Kreuzer, Neil) Modified on 1/5/2022 to adjust docket text and event used (Currie, Haley). (Entered: 01/05/2022) |
| 01/06/2022 | 8 | MOTION for Extension of Time to 1/10/2022 to File Answer by NICHOLAS J FIORILLO.(Kreuzer, Neil) (Entered: 01/06/2022) |
| 01/06/2022 | 9 | Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 8 MOTION for Extension of Time to 1/10/2022 to File Answer. (Currie, Haley) (Entered: 01/06/2022) |
| 01/10/2022 | 10 | MOTION for Extension of Time to 1/11/2022 by NICHOLAS J FIORILLO.(Kreuzer, Neil) (Entered: 01/10/2022) |
| 01/11/2022 | 11 | Judge Mark L. Wolf: ORDER entered re 10 Motion for Extension of Time to January 11, 2022<br><br>ALLOWED. However, it is unlikely that any further extension will be granted. (Currie, Haley) (Entered: 01/11/2022) |
| 01/11/2022 | 12 | Supplemental MEMORANDUM in Support re 3 Emergency MOTION to Remand to State Court filed by Stephen Quillinan, S&Q Data LLC, Jacob L. Spitalny, Samuel B. Spitalny. (Faller, Joel) (Entered: 01/11/2022) |
| 01/11/2022 | 13 | Opposition re 3 Emergency MOTION to Remand to State Court filed by NICHOLAS J FIORILLO. (Kreuzer, Neil) (Entered: 01/11/2022) |
| 01/12/2022 | 14 | Opposition re 3 Emergency MOTION to Remand to State Court *Corrected* filed by NICHOLAS J FIORILLO. (Kreuzer, Neil) (Entered: 01/12/2022) |
| 01/12/2022 | 15 | Opposition re 3 Emergency MOTION to Remand to State Court *Exhibits 1-6* filed by NICHOLAS J FIORILLO. (Attachments: # 1 Exhibit 2)(Kreuzer, Neil) (Entered: 01/12/2022) |
| 01/12/2022 | 16 | MOTION to Modify Defendant's original opposition by NICHOLAS J FIORILLO.(Kreuzer, Neil) (Entered: 01/12/2022) |
| 01/12/2022 | 17 | Judge Mark L. Wolf: ELECTRONIC ORDER entered re 16 Motion for Modification |

| | | |
|---|---|---|
| | | To the extent that defendants' Emergency Motion (Dkt. No. 16 ) seeks to substitute its corrected opposition to the motion to remand filed earlier today (Dkt. No. 14 ) for the opposition it filed on January 11, 2022, it is hereby ALLOWED. However, the court will not accept additional filings from defendant without prior authorization from the court. (Currie, Haley) (Entered: 01/12/2022) |
| 01/13/2022 | 18 | Judge Mark L. Wolf: ORDER entered. MEMORANDUM AND ORDER<br><br>In view of the foregoing, the court finds this case was improperly removed because defendants have no shown that federal jurisdiction exists. Therefore, the Motion to Remand is meritorious.<br><br>Accordingly, it is hereby ORDERED that<br><br>1. The Motion to Remand (Dkt. No. 3 ) is ALLOWED.<br><br>2. This case is REMANDED to the Suffolk Superior Court of the Commonwealth of Massachusetts. (Currie, Haley) (Entered: 01/13/2022) |
| 01/13/2022 | 19 | Judge Mark L. Wolf: ORDER entered. ORDER OF REMAND to Suffolk Superior Court. (McDonagh, Christina) (Entered: 01/13/2022) |

# EXHIBIT B

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:22-cv-11413

Spitalny et al v. Fiorillo et al

Assigned to:

Demand: $9,999,000

Case in other court: Suffolk Superior Court, 2184-cv-2894BLS1

Cause: 28:1330 Breach of Contract

Date Filed: 09/01/2022

Jury Demand: None

Nature of Suit: 150 Contract: Recovery/Enforcement

Jurisdiction: Federal Question

**Plaintiff**

**Samuel B. Spitalny**

**Plaintiff**

**Jacob L. Spitalny**

**Plaintiff**

**Stephen Quillinan**

V.

**Defendant**

**Nicholas Fiorillo**

**Defendant**

**Gotspace Data Equity Fund, LLC**

**Reach and Apply Defendant**

**Gotspace Data Equity Fund I LLC**

**Reach and Apply Defendant**

**Gotspace Data Equity Fund 1 LLC**

**Reach and Apply Defendant**

**Gotspace Self Storage Holdings LLC**

**Reach and Apply Defendant**

**Gotspace Management LLC**

**Reach and Apply Defendant**

**GS Beverly LLC**

**Reach and Apply Defendant**

**GS Gloucester LLC**

**Reach and Apply Defendant**

**Gotspace Beverly LLC**

**Reach and Apply Defendant**

**Gotspace Gloucester LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/01/2022 | 1 | NOTICE OF REMOVAL by NICHOLAS J FIORILLO ( Filing fee: $ 402, receipt number AMADC-9478801 Fee Status: Filing Fee paid) (Kreuzer, Neil) (Entered: 09/01/2022) |
| 09/15/2022 | 2 | Civil Cover Sheet & Category Sheet re 1 Notice of Removal by NICHOLAS J FIORILLO. (Attachments: # 1 Civil Cover Sheet Category Sheet)(Kreuzer, Neil) (Entered: 09/15/2022) |
| 09/15/2022 | 3 | EXHIBIT re 1 Notice of Removal, 2 Civil Cover Sheet & Category Sheet by Nicholas J. Fiorillo. (Attachments: # 1 Exhibit Case Documents)(Kreuzer, Neil) (Entered: 09/15/2022) |
| 09/15/2022 | 4 | EXHIBIT re 1 Notice of Removal, 3 Exhibit, 2 Civil Cover Sheet & Category Sheet by Nicholas J. Fiorillo. (Attachments: # 1 Exhibit Case Documents)(Kreuzer, Neil) (Entered: 09/15/2022) |
| 09/15/2022 | 5 | EXHIBIT re 1 Notice of Removal, 3 Exhibit, 4 Exhibit, 2 Civil Cover Sheet & Category Sheet by Nicholas J. Fiorillo. (Attachments: # 1 Exhibit Case Documents)(Kreuzer, Neil) (Entered: 09/15/2022) |
| 09/15/2022 | 6 | EXHIBIT re 1 Notice of Removal, 3 Exhibit, 5 Exhibit, 4 Exhibit, 2 Civil Cover Sheet & Category Sheet by Nicholas J. Fiorillo. (Attachments: # 1 Exhibit Case Documents)(Kreuzer, Neil) (Entered: 09/15/2022) |
| 09/15/2022 | 7 | EXHIBIT re 1 Notice of Removal, 3 Exhibit, 5 Exhibit, 4 Exhibit, 6 Exhibit, 2 Civil Cover Sheet & Category Sheet by Nicholas J. Fiorillo. (Attachments: # 1 Exhibit Case Documents)(Kreuzer, Neil) (Entered: 09/15/2022) |
| 09/15/2022 | 8 | EXHIBIT re 1 Notice of Removal, 3 Exhibit, 5 Exhibit, 7 Exhibit, 4 Exhibit, 6 Exhibit, 2 Civil Cover Sheet & Category Sheet by Nicholas J. Fiorillo. (Attachments: # 1 Exhibit Case Documents)(Kreuzer, Neil) (Entered: 09/15/2022) |
| 09/15/2022 | 9 | EXHIBIT re 1 Notice of Removal, 3 Exhibit, 5 Exhibit, 7 Exhibit, 4 Exhibit, 8 Exhibit, 6 Exhibit, 2 Civil Cover Sheet & Category Sheet by |

| | | |
|---|---|---|
| | | Nicholas J. Fiorillo. (Attachments: # 1 Exhibit Case Documents)(Kreuzer, Neil) (Entered: 09/15/2022) |
| 09/15/2022 | 10 | EXHIBIT re 1 Notice of Removal, 3 Exhibit, 5 Exhibit, 4 Exhibit, 6 Exhibit, 9 Exhibit, 7 Exhibit, 8 Exhibit, 2 Civil Cover Sheet & Category Sheet by Nicholas J. Fiorillo. (Attachments: # 1 Exhibit Case Documents, # 2 Exhibit Case Documents)(Kreuzer, Neil) (Entered: 09/15/2022) |
| 09/15/2022 | 11 | EXHIBIT re 1 Notice of Removal, 3 Exhibit, 5 Exhibit, 7 Exhibit, 4 Exhibit, 8 Exhibit, 6 Exhibit, 10 Exhibit, 9 Exhibit, 2 Civil Cover Sheet & Category Sheet by Nicholas J. Fiorillo. (Attachments: # 1 Exhibit Case Documents)(Kreuzer, Neil) (Entered: 09/15/2022) |

# EXHIBIT C

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

SAMUEL B. SPITALNY, JACOB L. SPITALNY, STEPHEN QUILLINAN and S&Q DATA, LLC

**(b)**  County of Residence of First Listed Plaintiff    Fulton County, GA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Kevin T. Peters 40 Broad Street  Boston, MA 02109
(617) 350-6800

### DEFENDANTS

NICHOLAS FIORILLO and GOTSPACE DATA EQUITY FUND, LLC

County of Residence of First Listed Defendant    Barnstable
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Pro Se

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
      Proceeding

☒ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      Another District
      *(specify)*

☐ 6  Multidistrict
      Litigation -
      Transfer

☐ 8  Multidistrict
      Litigation -
      Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1443; U.S. Const. Ann. Art. III Sec. 2 Clause 1
Brief description of cause:
Denial by State Court of Equal Civil Right to Due Process Under the Laws of the United States of America

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE
August 29, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**ATTACHMENT** 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)_____SAMUEL B. SPITALNY v. NICHOLAS FIORILLO_____

   _____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local
   rule 40.1(a)(1)).

   [ ]   I.     160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]   II.    110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   [✔]   III.   120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362,
                365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560,
                625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.
                *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]        NO [✔]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?    (See 28 USC
   §2403)

   YES [ ]        NO [ ]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]        NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]        NO [✔]

7. Do <u>all</u> of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? -  (See Local Rule 40.1(d)).

   YES [ ]        NO [✔]

   A.     If yes, in which division do <u>all</u> of the non-governmental parties reside?

          Eastern Division [ ]          Central Division [ ]          Western Division [ ]

   B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
          residing in Massachusetts reside?

          Eastern Division [✔]          Central Division [ ]          Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
   submit a separate sheet identifying the motions)

   YES [✔]        NO [ ]

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME**  Nicholas Fiorillo - Pro Se

**ADDRESS**  3 Kales Way Harwich Port, MA 02646-1936

**TELEPHONE NO.**  (508)-776-7219

**(CategoryForm11-2020.wpd )**