UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 1:22-cv-11413

| | |
|---|---|
| SAMUEL B. SPITALNY, JACOB L. SPITALNY, STEPHEN QUILLINAN and S&Q DATA, LLC <br><br> Plaintiffs <br><br> v. <br><br> NICHOLAS FIORILLO and GOTSPACE DATA EQUITY FUND, LLC <br><br> Defendants <br> And <br><br> NICHOLAS FIORILLO, <br> GOTSPACE DATA EQUITY FUND LLC, <br> GOTSPACE EQUITY FUND I, LLC, <br> GOTSPACE EQUITY FUND 1, LLC, <br> GOTSPACE SELF STORAGE, HOLDINGS, LLC, <br> GOTSPACE MANAGEMENT, LLC, <br> GS BEVERLY, LLC, GS GLOUCESTER, LLC <br> GOTSPACE BEVERLY LLC, AND <br> GOTSPACE GLOUCESTER, LLC <br><br> Reach and Apply Defendants | NO. 1:22-cv-11413-DJC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENLARGE TIME TO FILE OPPOSITION PAPERS** |

In support of his motion to enlarge time to oppose Plaintiffs' Samuel B. Spitalny, Jacob L. Spitalny, Stephen Quillinan and S&Q Data, LLC's Emergency Motion For Remand and for Sanctions Against Vexatious Litigant, Defendant Nicholas Fiorillo, as grounds therefor and in support thereof, hereby states as follows:

1. At all times as of end June, 2022, the Defendant has been self-represented in this matter.

2. The sole reason for the removal of this matter stems from the repeated denial of Defendants' rights under Federal Civil Rights legislation, which have been irreparably and irretrievably trampled to the point that there can be no remedy for this pro se litigant in the state court. There is not now nor has there ever been any frivolity of the part of Defendant.

3. On March 28, 2022, no action was taken by the Court on Defendant's Motion to Extend Time and Motion to Stay Discovery and Strike Deposition of Defendant's wife who sought a Protective Order due to threats made against the Fiorillo family, when action was clearly in order. Conversely, Plaintiff's motions were routinely allowed.

4. There was such a pattern of court rulings indicative of bias against a pro se Defendant, that it was easy to tell which side filed motions, simply by looking at "DENIED" (Defendant) and "ALLOWED" (Plaintiff). It was that blatant.

5. A docket entry from May 6, 2022 reflects a Motion by Plaintiffs Samuel Spitalny, Jacob Spitalny, **Brian D. Sheehan** and Stephen Quillinan, to Compel the Deposition of Nicholas Fiorillo. Mr. Sheehan is not one of the plaintiffs in this matter, but instead the plaintiff on a separate, equally frivolous, fraudulent "debt collection" action. This fact notwithstanding, the detail down to his middle initial was included when "joining" Sheehan with the Spitalnys and Quillinan, in that docket entry.

6. On May 9, 2022, another Motion for Protective Order filed by Defendant's wife was denied despite her ongoing safety concerns, a wrong exacerbated by the issuance on May 18, 2022 of a Summons and Order of Notice issued on a Contempt Complaint filed against her by counsel for Plaintiffs.

7. On June 1, 2022, Defendant's Motion to Disqualify Plaintiff's Attorneys for cause, one of other similar motions for cause, was denied.

8. Exacerbating that unjust denial was the allowance by the court of a Motion to "address" the alleged physical assault by Defendant on Plaintiff's Attorney Kevin Peters, when it

was Attorney Peters who assaulted Defendant and his wife during the deposition of Defendant's wife at his office, with Mrs. Fiorillo ending up spending days in the hospital.

9. By the end of June, 2022, one Judge had already stepped away from this case.

10. On August 10, 2022, after Defendant had previously noticed the court on another matter being heard that week on Mr. Sheehan's case, of a scheduling conflict for the week of the 10th, due to a pre scheduled medical procedure, and after Defendant had already provided medical documentation to the Court Clerk on August 9, 2022 for provide to the Judge, Judge Kazanjian followed the action of Judge Ricciuti in the BSI matter, and defaulted Defendant for failing to attend the hearing.

11. On August 11, 2022, a docketed entry by Judge Kazanjian states that she was "skeptical" about Defendant's reason for not being in attendance at the hearing the day before, and found Defendant's wife in default for failing to attend, when she was caregiving for her husband after his medical procedure, as had been advised by the doctor. Judge Kazanjian stated that Mrs. Fiorillo's claim of reason not to attend, in her capacity as "a witness," had to be supported by medical documentation, when that documentation had already been provided.

12. Both Judge Kazanjian and Judge Ricciuti have claimed that Defendant "failed" to provide requested medical documentation, with both judges impugning the credibility and integrity of Defendant on the record.

13. On August 22, 2022, Defendant filed a Motion to Recuse Judge Kazanjian from this case.

14. On August 29, 2022, Judge Kazanjian denied Defendant's Motion to Vacate Default, and also denied Defendant's Motion to Recuse, without prejudice

15. On September 1, 2022, Defendant filed a Renewed Motion For Recusal.

16. On September 6, 2022, Defendant filed a Complaint for Judicial Review.

17. On September 9, Defendant and his wife refiled Motions to Vacate the entries of Default against them.

18. On September 12, Judge Kazanjian once again denied the Motion for Recusal.

19. On September 12, Defendant filed Notice of Appeal.

20. On September 13, an Order was entered reiterating the denial of Defendant's previous motions, stating on the record that she was not the sitting Emergency Judge in June, when one of the Court Clerks informed Defendant that an Emergency hearing he had requested would not be heard by Judge Salinger but by Judge Kazanjian.

21. On September 15, 2022, Defendant filed a Notice of Removal.

22. Given the chronology of bias shown above and chronic denial of Defendant's rights to due process and to a fair hearing, it should be apparent that Defendant's removal had nothing whatsoever to do with anything else but the preservation of his Constitutional rights to due process and fair hearing.

23. The Plaintiffs will not be prejudiced if the Defendant is allowed to respond to the motion; however, the Defendant is subject to significant prejudice if the Court does not permit a reasonable time for Defendant to secure counsel with Federal law expertise to present its defense against the motion, to bring the new counsel sufficiently up to date with respect to the status of the action, and to gather and transmit the facts necessary to prepare a defense to the motion.

24. In view of the foregoing, it is respectfully suggested that good cause exists for an 30-day extension of time for response to the motion.

Dated: September 21, 2022                                         NICHOLAS FIORILLO

/s/ Nicholas Fiorillo
Nicholas Fiorillo
3 Kales Way
Harwich Port, MA 02646-1936
Tel: (508)-776-7219
metrowestrealty@yahoo.com

## RULE 7.1 CERTIFICATION

I, Nicholas Fiorillo, certify that I emailed counsel of record advising that an enlargement of time would be sought to file Opposition to his motion.

/s/Nicholas Fiorillo
Nicholas Fiorillo

## Certificate of Service

The undersigned states that he served a copy of the above on counsel of record by email and through the Court's electronic filing system.

/s/ Nicholas Fiorillo
Nicholas Fiorillo